# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN O'NEIL FITZGERALD, a/k/a ALLEN O'NEIL BALTIMORE, | Civil Action No. 09 - 1379 |
| Petitioner, | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ECF No. 40 |
| SUPERINTENDENT MICHAEL KLOPOTOSKI, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) filed on November 6, 2012. (ECF No. 40.) For the reasons explained herein, Petitioner's motion will be denied.

**I.    BACKGROUND**

On October 10, 2002, Petitioner was found guilty of robbery, receiving stolen property and conspiracy, and he was later sentenced to an aggregate term of incarceration from twenty-five (25) to fifty (50) years for his convictions. The Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence on June 21, 2005, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on June 6. 2006. Petitioner's petition for certiorari with the United States Supreme Court was denied on January 8, 2007.

1

On March 29, 2007, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), which was later dismissed by the trial court on February 21, 2008. The Superior Court of Pennsylvania affirmed on December 30, 2008, and the Supreme Court of Pennsylvania denied his petition for allowance of appeal on August 20, 2009.

Petitioner filed a petition for writ of habeas corpus in this Court on October 14, 2009, and later filed an amended petition on March 5, 2010. This Court entered an order on September 9, 2010, denying Petitioner's habeas petition and denying a certificate of appealability. Petitioner appealed, and the Third Circuit Court of Appeals denied his request for a certificate of appealability on January 4, 2011.

Now pending before the Court is a Rule 60(b) motion. In the motion, Petitioner appears to assert that the state court improperly denied his 2012 successive PCRA or state habeas petition on the basis that his claims were procedurally defaulted. Apparently he appealed the state court's ruling but voluntarily withdrew his appeal in order to file the instant Rule 60(b) motion in this Court. Although unclear, he seems to argue that the United States Supreme Court's recent decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), provides a proper ground for this Court to reopen his federal habeas proceeding and consider his claims, which the state court found to be procedurally defaulted.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

**A. Second or Successive Petition**

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

Upon review, it appears that Petitioner is seeking permission to bring new claims before this Court – specifically, the claims that were rejected by the state court in either his state habeas or successive PCRA petition. To the extent Petitioner seeks to do so his motion will be denied as an unauthorized second or successive petition for habeas relief. Petitioner must first file an application to the Third Circuit Court of Appeals and be granted permission to file a second or successive petition pursuant to 28 U.S.C. § 2244(b). Nevertheless, even assuming Petitioner's motion was properly brought pursuant to Rule 60(b), it would be denied for the reasons that follow.

### B. Extraordinary Circumstances

The Supreme Court has required a showing of "extraordinary circumstances" to justify the reopening of a final judgment and has recognized that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

To the extent Petitioner argues that the newly issued Martinez decision constitutes extraordinary circumstances sufficient to reopen a final judgment under Rule 60(b), the Court finds that it does not. Although the Third Circuit has yet to address this question, the Fifth Circuit has held in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012) that "the Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)." Id. at 320 (internal quotations omitted). In that case, Beunka Adams, facing imminent execution, sought to have his execution stayed while he prosecuted a Rule 60(b)(6) motion based on Martinez, asserting his intention to "vindicate his constitutional right to effective counsel." The court explained that:

> In his Rule 60(b)(6) motion, Adams stated that the district court relied on Coleman to conclude that Adams's ineffective assistance of trial and appellate counsel claims were procedurally defaulted and that ineffective assistance of state post-conviction counsel could not constitute cause to excuse the default. Adams asserted that, since the district court's judgment, the Supreme Court had decided Martinez, which created an exception to Coleman's holding that ineffective assistance of state habeas counsel cannot constitute cause to excuse procedural default. Adams argues that Martinez constitutes "extraordinary circumstances" entitling him to Rule 60(b)(6) relief.

679 F.3d at 316. The Fifth Circuit then went on to conclude:

> [I]n denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of Coleman. The Supreme Court's later decision in Martinez, which creates a narrow exception to Coleman's holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See* Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; Bailey, 894

> F.2d at 160. The Martinez Court's crafting of a narrow, equitable exception to Coleman's holding is "hardly extraordinary." Gonzalez, 545 U.S. at 536, 125 S. Ct. 2641; *see also* Martinez, 132 S. Ct. at 1320 ("The rule of Coleman governs in all but the limited circumstances recognized here.").
>
> Because the Martinez decision is simply a change in decisional law and is "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)," Adams's 60(b)(6) motion is without merit.

679 F.3d at 320. Thus, the Fifth Circuit vacated the district court's stay of execution. The Supreme Court, in turn, refused to stay Adams's execution. Adams v. Thaler, 132 S. Ct. 1995 (2012).

Other district courts have held along with the Fifth Circuit in finding that Martinez does not present extraordinary circumstances justifying reopening of habeas proceedings under Rule 60(b). *See* Arthur v. Thomas, No. 2:01-CV-0983-LSC, 2012 U.S. Dist. LEXIS 85563, at * 13-17 (N.D. Ala. June 20, 2012); Sims v. Houston, No. 4:07CV3088, 2012 U.S. Dist. LEXIS 80945, at *2 (D. Neb. June 12, 2012). *But see* Lopez v. Ryan, 678 F.3d 1131, 1135-36 (9th Cir. 2012) (finding that "the Supreme Court's development in Martinez constitutes a remarkable – if limited – development in the Court's equitable jurisprudence" and weighs slightly in favor of reopening the petitioner's habeas case) (internal quotations and citations omitted). This Court also finds that Martinez does not support a finding of extraordinary circumstances.

Moreover, even if the Supreme Court's ruling in Martinez could constitute "extraordinary circumstances" so as to warrant relief from a long-standing judgment, there is nothing in Martinez that is applicable to Petitioner's situation. In Martinez, the Supreme Court held that inadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. In the instant case, Petitioner raised two claims in his federal habeas petition, one of which was an ineffective

5

assistance of counsel claim. Both claims were exhausted in the state courts and they were considered and rejected on their merits by this Court. There was no procedural default of his claims at the state court level that prevented a resolution of his claims on the merits such that <u>Martinez</u> would even be applicable.

<u>Martinez</u> simply does not provide a vehicle to open the judgment of this Court entered on September 9, 2010. As such the Rule 60(b) motion will be denied. An appropriate order follows.

**AND NOW** this 8th day of November, 2012,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Allen O'Neil Fitzgerald
FF-3157
SCI Dallas
1000 Follies Road
Dallas, PA 18612
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*